14

FILED
APR 24 2012
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>SUZANNE MARIE WARREN,<br><br>Debtor. | Case No. 10-38224-A-13J<br><br>Docket Control No. UST-1 & JPJ-1 |

**MEMORANDUM**

Two motions are before the court. Both concern compensation paid for the preparation of the Suzanne Warren's chapter 13 petition.

A

The first motion is by the chapter 13 trustee and it seeks to compel an attorney, Sean Gjerde of the Northern California Law Center, to disgorge fees paid by Suzanne Warren for legal services related to the preparation of the documents necessary to file a chapter 13 bankruptcy case.

The second is by the U.S. Trustee and it seeks to compel a bankruptcy petition preparer, Shaun Smith, doing business as Quality Law for Less, to disgorge fees he collected for assisting the debtor in the preparation of schedules, statements, a plan, and a valuation motion filed in the chapter 13 case.

///

132

The motion against Mr. Gjerde was dismissed without prejudice by the trustee based on Mr. Gjerde's opposition to it. He represented in that opposition that he had not been retained to be Ms. Warren's attorney. While he admitted that he met with her for a few minutes concerning a bankruptcy case, he referred her to Mr. Smith for assistance. Mr. Gjerde stated in his opposition that he had not been paid for the meeting with Ms. Warren. Based on this, the trustee dismissed the motion.

Mr. Smith, however, offered Mr. Gjerde's declaration as part of his opposition to the U.S. Trustee's motion. In that declaration, Mr. Gjerde contradicted his earlier opposition and admitted that he was paid $200 for the consultation. Ms. Warren paid the $200 to "Nor Cal Law Center" with her American Express Card. Nor Cal Law Center is Mr. Gjerde's professional law corporation. Upon learning of the payment, the chapter 13 trustee renewed his motion against Mr. Gjerde.

The payment to Mr. Gjerde notwithstanding, Ms. Warren maintains that she hired Mr. Smith, not Mr. Gjerde, to prepare her bankruptcy petition. In fact, Mr. Smith offered into evidence a statement signed by Ms. Warren and dated July 2, 2010. It states that Ms. Warren had "opted out of having Sean Gjerde represent" her "throughout" her chapter 13 case, and instead hired Mr. Gjerde, not Mr. Smith, "to prepare the paperwork for the Bankruptcy for $1000.00" and to "move forward representing" herself in the bankruptcy case.

However, Ms. Warren's answer to question 9 on the statement of financial affairs indicates that $1,000 was paid to "Northern California Law Center, PC." This is Mr. Gjerde's law

corporation.

Actually, Ms. Warren wrote two $400 checks, one dated June 6, 2010 and the other dated July 2, 2010, to Mr. Smith. He cashed both checks. Only the $200 charge to Ms. Warren's credit card went to Mr. Gjerde's professional corporation.

Nickie Yang testified that she worked part-time for Northern California Law Center as a paralegal. She was paid as an employee of the law firm. She also testified that Shaun Smith worked at Northern California Law Center and that Mr. Smith and Mr. Gjerde were very close friends. Both Mr. Smith and Mr. Gjerde gave her direction to prepare Ms. Warren's bankruptcy paperwork. "All the work I did on her case I did for Sean Gjerde, who was the person who paid me. I did talk with Shaun Smith about the case, emailed him questions and asked him questions and he passed on information" about the case.

Viewing all of the evidence offered in connection with both motions, the court finds that Mr. Gjerde and Mr. Smith both assisted Ms. Warren with her chapter 13 case.[1]

---

[1] In its deliberation, the court concluded that because it had been presented with separate motions against different respondents, it would be inappropriate to consider the evidence offered in connection with one motion in connection with the other motion without first offering each respondent additional time to respondent to the evidence in the motion against the other respondent. Therefore, the court reopened the record to permit Mr. Gjerde and Mr. Smith to respond to the record made in connection with each motion. They were given the opportunity to file and serve further briefs and evidence. If the record was supplemented, the court offered to hold a further evidentiary hearing.

Also, Mr. Smith demanded at an early hearing on the motion against him that the court appoint counsel to help him to defend the motion. He believed the motion was a akin to a criminal proceeding and, because he was indigent, the court should appoint

B

11 U.S.C. § 110(a)(1) defines a "bankruptcy petition preparer" as "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing." "A 'document for filing' means a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title." 11 U.S.C. § 110(a)(2).

The statute then goes on to define the preparer's obligations, as outlined in 11 U.S.C. § 110(b)-(h). A preparer who violates any of subsections (b) through (h) may be fined up to $500 for each violation. 11 U.S.C. § 110(21)(1).

Mr. Smith is a bankruptcy petition preparer within the meaning of 11 U.S.C. § 110(a)(1).

Admittedly, there is an issue as to whether Mr. Smith acted under the direction of an attorney, Mr. Gjerde. If so, he might not be a petition preparer within the meaning of section 110(a).

There is some evidence to suggest that Mr. Smith acted under Mr. Gjerde's direction. Ms. Yang testified that she was employed

---

an attorney for him. The court made clear that the motion was not a criminal proceeding and that it had no resources or authority to appoint an attorney. To the extent Mr. Smith was genuinely surprised (which the court does not believe) that no attorney could or would be appointed, the opportunity to supplement the record and to have a further evidentiary hearing, would help him overcome any prejudice.

Neither Mr. Smith nor Mr. Gjerde filed anything additional and neither requested a further evidentiary hearing. Mr. Smith, however, filed an appeal even though this court had not entered a final order on either motion. That appeal has been dismissed and the Bankruptcy Appellate Panel's mandate has issued, returning the matters to the jurisdiction of this court.

by Mr. Gjerde's law corporation and that she received direction and supervision from Mr. Gjerde as well as Mr. Smith when preparing Ms. Warren's documents.

However, section 110(a) requires that the petition preparer be an employee of the attorney and work under his or her direct supervision. There is no convincing evidence that Mr. Smith was an employee of Mr. Gjerde or his law corporation.

Also, Ms. Warren testified that she did not hire Mr. Gjerde to prepare her petition. This is corroborated by the two checks made payable to Mr. Smith, as well as by Mr. Gjerde's statement that he only provided an initial consultation to Ms. Warren and then referred her to Mr. Smith. Thereafter, Ms. Warren dealt with Mr. Smith.

Despite the fact that Ms. Warren hired Mr. Smith, Ms. Yang's testified that Mr. Gjerde and Mr. Smith provided her with direction in the preparation of Ms. Warren's documents. This means only that Ms. Yang is not a petition preparer within the meaning of section 110(a) – she was employed by Mr. Gjerde's law corporation and worked under his supervision.

Mr. Smith, on the other hand, held himself out as an independent petition preparer. He has not Mr. Gjerde's employee.

Still, in some respects, Mr. Smith and Mr. Gjerde operated a joint enterprise. Mr. Gjerde was the conduit that brought Ms. Warren to Mr. Smith, and both gave direction to Ms. Yang when she prepared the documents.

From Mr. Gjerde's perspective, it was helpful to have Mr. Smith be the face of Ms. Warren's representation. It avoided court scrutiny of his fees and eliminated the necessity of

representing Ms. Warren over a 3 to 5 year period in a chapter 13 case.

From Mr. Smith's perspective, making it appear that Mr. Gjerde prepared the bankruptcy documents meant that the court's presumptive $125 document preparation fee would not limit what could be charged for their preparation. The court's guidelines are applicable only to nonattorney, bankruptcy petition preparers. And, Mr. Gjerde's involvement would eliminate potential arguments that Mr. Smith's services had gone beyond document preparation and become the unauthorized practice of law.

Even though Mr. Gjerde had some role in initially advising Ms. Warren and in giving some direction to Ms. Yang, Mr. Smith was not Mr. Gjerde's employee and did not act under his direction. Mr. Smith, not Mr. Gjerde, was retained by Ms. Warren to prepare her case. She compensated Mr. Gjerde only $200 for an initial consultation and then paid $800 to Mr. Smith for the preparation of the documents.

C

11 U.S.C. § 110(b)(1) requires a preparer who prepares a document for filing to sign the document and print on the document the preparer's name and address.

Mr. Smith prepared, or arranged the preparation of, Ms. Warren's petition, schedules, statements, chapter 13 plan, and a motion to value. None of these documents contain Mr. Smith's signature or name. Mr. Smith's failure to place his name and signature on these documents violated 11 U.S.C. § 110(b)(1).

D

11 U.S.C. § 110(c)(1) and (c)(2)(A) also require a preparer, who prepares a document for filing, to place on the document his social security number, after his signature, identifying himself as the individual who prepared the document. 11 U.S.C. § 110(c)(2)(A) provides: "Subject to subparagraph (B), for purposes of this section, the identifying number of a bankruptcy petition preparer shall be the Social Security account number of each individual who prepared the document or assisted in its preparation."

The petition, the schedules, the statements, the plan, and the motion to value do not contain Mr. Smith's social security number. Mr. Smith's failure to place his social security number on these documents violated 11 U.S.C. § 110(c)(1).

E

The Supreme Court has not promulgated uniform rules and the Judicial Conference of the United States has not prescribed uniform guidelines, setting a maximum allowable fee chargeable by a bankruptcy petition preparer.

In the absence of guidance from the Supreme Court and the Judicial Council, this court has adopted Guidelines Pertaining to Bankruptcy Petition Preparers in which it indicates that a $125 fee for petition preparation is presumptively reasonable. These Guidelines do not preclude a preparer from requesting more (or less) than $125. See Guidelines ¶ 2. The guidelines expressly state that "[t]hey reflect rebuttable presumptions which the court may, upon motion . . . modify in a particular case or class

of cases." See Guidelines. The court reiterates: the Guidelines do not set a maximum or a minimum fee. Preparers may charge in excess of what is suggested by the Guidelines. However, if that compensation is challenged by a party in interest, like the U.S. Trustee, the preparer must establish that the fee is reasonable.

Here, Mr. Smith was paid $800 for the preparation of the bankruptcy documents. Mr. Smith has not rebutted the presumptive reasonableness of the $125 maximum fee set by the Guidelines.

The court's review of Ms. Warren's schedules, statements and plan convinces it that her case was a straightforward consumer chapter 13 case. She had eight creditors, two of them secured by her home. The first mortgage on Ms. Warren's home was not in default. The second mortgage was stripped from the home because its value was less than the amount owed on the first mortgage. She owned modest assets, all of them exempt. Ms. Warren's chapter 13 plan requires $100 monthly payments for 36 months. These payments will fund a minimal dividend for unsecured creditors.

The $125 fee provided for by the court's guidelines was a reasonable fee for the preparation of Ms. Warren's documents.

Whether a reasonable fee is $125 or $800, the court will not permit Mr. Smith to retain any fee.

First, Mr. Smith has not complied with 11 U.S.C. § 110(h)(2), which requires a bankruptcy petition preparer to file a declaration disclosing any fees received by the preparer from or on behalf of the debtor within 12 months before the filing of the petition filing. Mr. Smith did not file a declaration disclosing the $800 fee. This nondisclosure of compensation by

Mr. Smith is a violation of 11 U.S.C. § 110(h)(2).

Second, 11 U.S.C. § 110(h)(3)(B) provides that "[a]ll fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f), or (g). As noted above, Mr. Smith has not complied with subsections (b), (c) and (h) of section 110. The court concludes that this warrants forfeiture of all fees.

F

This leaves the issue of the fines to be assessed against Mr. Smith pursuant to 11 U.S.C. § 110(l). Section 110(l) provides in relevant part:

> (l) (1) A bankruptcy petition preparer who fails to comply with any provision of subsection (b), (c), (d), (e), (f), (g), or (h) may be fined not more than $500 for each such failure.
> (2) The court shall triple the amount of a fine assessed under paragraph (1) in any case in which the court finds that a bankruptcy petition preparer –
> . . .
> (D) prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer.

As noted by U.S. Trustee, Mr. Smith prepared seven documents for Ms. Warren: the petition, schedules, statement of financial affairs, Chapter 13 Statement of Current Monthly Income, motion to value collateral, a declaration of the debtor in support of the motion, and a chapter 13 plan. A $500 fine is assessable with reference to each document because Mr. Smith's name does not appear on them, and a further $500 fine is assessable for each

document because they do not include Mr. Smith's social security number. However, given that the court is aware of no other case concerning Mr. Smith's failure to comply with section 110, the maximum fine of $7,000 is excessive. The court assesses a $100 fine per document for each violation of section 110(b) and (c), a total of $1,400. This amount shall be to the U.S. Trustee as required by 11 U.S.C. § 110(l)(3).

11 U.S.C. § 110(l)(2) requires the court to triple the amount of a fine assessed under 11 U.S.C. § 110(l)(1), when the preparer prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer. 11 U.S.C. § 110(l)(2)(D). As noted above, Mr. Smith prepared the petition documents for filing without disclosing his identity on those documents. Therefore, the court will triple the fines assessed against Mr. Smith, increasing the fines to $4,200 ($1,400 x 3).

G

The court also may order the forfeiture of the fee collected by a petition preparer pursuant to 11 U.S.C. § 110(h)(3)(B), which provides: "All fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f), or (g)."

The court will order the disgorgement of the $800 because Mr. Smith violated 11 U.S.C. § 110 (b), (c), and (h). The fees shall be paid by Mr. Smith to Ms. Warren.

H

11 U.S.C. § 110(i)(1) provides that:

> If a bankruptcy petition preparer violates this section or commits any act that the court finds to be fraudulent, unfair, or deceptive, on the motion of the debtor, trustee, United States trustee (or the bankruptcy administrator, if any), and after notice and a hearing, the court shall order the bankruptcy petition preparer to pay to the debtor –
> (A) the debtor's actual damages;
> (B) the greater of–
> (i) $2,000; or
> (ii) twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services; and
> (C) reasonable attorneys' fees and costs in moving for damages under this subsection.

The U.S. Trustee argues that an award to Ms. Warren should be made under section 110(i) because "Shaum Smith's acts in failing to disclose his involvement in the preparation of documents for filing in a bankruptcy case are fraudulent and deceptive, and therefore, Shaun Smith should be ordered to pay the debtor and [sic] $2,000. . . ."

However, Mr. Smith did not conceal his involvement in the preparation of documents from the debtor. He failed to disclose his involvement to the court, the U.S. Trustee, the trustee, and creditors by not placing his name and social security number on the documents as required by sections 110(b) and (c). For this concealment, he will be sanctioned under section 110(l). But, the debtor retained Mr. Smith to prepare the documents. She knew he had prepared the documents even though his name and number did not appear on them.

Nonetheless, section 110(i)(1) permits the court to assess additional sanctions against the petition preparer if he or she "violates this section." As explained above, Mr. Smith violated

section 110(b), (c), and (h). Therefore, the required fine under section 110(i) assessable in this case is $2,000.[2] This amount shall be paid by Mr. Smith to Ms. Warren.

I

Mr. Gjerde, because he was paid $200 but failed to disclose that fee, and because his initial response to the trustee's motion to disgorge his fee represented that he had not received a fee, shall disgorge the $200 to Ms. Warren.

11 U.S.C. § 329(a) provides in relevant part:

> Any attorney representing a debtor in a case under this title, <u>or in connection with such a case</u>, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

Section 329(a) is implement by Fed. R. Bankr. P. 2016(b), which provides:

> Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 14 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity.

This is not an instance where an attorney was paid for a bankruptcy consultation and then, unknown to the attorney, a bankruptcy petition was filed. Mr. Gjerde consulted with Ms.

---

[2] There is no evidence that Mr. Smith's work caused damage to Ms. Warren, and he was paid only $800. Hence, $2,000 is the larger of the three alternative fines required by section 110(i).

Warren regarding a bankruptcy filing, he received a $200 fee, he referred her to an independent paralegal with whom he worked regularly, and he provided some direction to Ms. Yang when she prepared the documents. Mr. Gjerde knew a bankruptcy case was being prepared, he knew it had been filed, and he knew he had been compensated for work in connection with that same case. There was an affirmative obligation to disclose his fee but he failed to do so. Disgorgement of the fee is a suitable remedy. See In re Park-Helena Corp., 63 F.3d 877 (9th Cir. 1995) (holding that fee disgorgement warranted by failure to make full disclosure of fees).

The court is mindful that Ms. Warren's answer to question 9 on the statement of financial affairs discloses a fee paid to Mr. Gjerde's law corporation.

The debtor's disclosure, however, does not satisfy Mr. Gjerde's obligations under section 329 or Rule 2016. For one thing, the disclosure is not accurate; Mr. Gjerde was paid $200, not $1,000. And, Mr. Gjerde denied receiving the fee when the trustee, based on the debtor's disclosure, initially moved for the disgorgement of the $1,000.

The court declines to premise this relief on the theory advanced by the trustee. The trustee argues that because Mr. Gjerde did not appear as the attorney of record when the bankruptcy case was filed, he was acting as a petition preparer. The trustee therefore asks for relief under section 110(a). Mr. Gjerde is, however, an attorney and his obligations are defined by section 329 and Rule 2016.

///

J

For the foregoing reasons, and to the extent discussed above, the U.S. Trustee's motion and the chapter 13 trustee's motion will be granted. Each shall lodge a conforming order within 14 days.

Dated: 24 April 2012

By the Court

Michael S. McManus, Judge
United States Bankruptcy Court